McKEAGUE, Circuit Judge,
concurring.
Plaintiffs claim that they were deprived of the right to vote on whether to approve the Ford-ZF Transition Agreement. But they were not the only ones denied this chance to vote—only ZF employees participated, and thus all Ford employees were excluded. While I concur fully in the majority’s conclusion that there are factual disputes that should be explored in discovery, I question whether these entire proceedings are ultimately futile.
I find it hard to imagine how Plaintiffs could ever recover if they don’t now seek a new vote or to otherwise “undo” the merger. They would presumably have to identify all who would have been eligible if Ford employees had been included; contact this wide-ranging group of people individually; and seek to prove, three years later, how they would have voted. I am not aware of any legal authority, and plaintiff has not cited any, that sanctions such an “after the fact” inquiry as to how a person would have voted, as opposed to conducting a new vote, which plaintiffs expressly decline to seek. Is an affidavit from each putative voter sufficient? Or would cross-examination be required? Are Local 863 and Ford entitled to communicate with each Ford employee who did not vote, to give their perspective and explain the consequences (whatever they may be) of such a now-advisory vote? If, and only if, they overcome these legal and practical hurdles-and presumably many more—and then can prove that the negative votes would have changed the outcome of the Agreement’s approval, can they obtain back-wages as they now seek to do. Practically speaking, they cannot meet this burden.